**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States of America v. Manee Mulifai*
Case No. 3:17-cr-00054-TMB-2

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Manee Mulifai's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) (the "Motion").[1] Mulifai, age 29, argues he is eligible for a sentence reduction to time-served under U.S. Sentencing Guideline ("U.S.S.G.") Amendment 821 and U.S.S.G. § 1B1.10(e)(2), which reduce his criminal history level and result in a new sentencing range of 70 to 87 months.[2] The United States (the "Government") opposes the Motion.[3] For the following reasons, the Court **DENIES** the Motion.

### A. Background

On August 31, 2017, pursuant to a plea agreement, Mulifai pleaded guilty to Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 2).[4] In the underlying offense, Mulifai entered a residence with a codefendant to commit a robbery with a firearm.[5] He took two semi-automatic handguns from the occupants, attempted to shoot one of the victims in the chest,[6] pursued another occupant outside, and engaged in a shootout with occupants inside the residence, during which he and his codefendant fired multiple shots.[7] Mulifai then fled the scene with two stolen handguns.[8] A subsequent investigation revealed ten rounds had been shot from outside the residence and a search of Mulifai's vehicle revealed two handguns stolen from the residence, both of which had traveled in interstate or foreign commerce.[9] On May 29, 2019, Mulifai was sentenced to 120 months of imprisonment, an upward variance to the statutory

---

[1] Mulifai initially filed the Motion *pro se*. Dkt. 190 (*Pro Se* Motion for Compassionate Release). Defense counsel subsequently entered a notice of appearance and filed an Amended Motion for Sentence Reduction on Mulifai's behalf. *See* Dkt. 191 (Notice of Appearance); Dkt. 196 (Amended Motion for Sentence Reduction).
[2] Dkt. 196 at 1–2.
[3] Dkt. 198 (Government Response).
[4] Dkt. 52 (Minute Entry); Dkt. 46 (Plea Agreement).
[5] Dkt. 46 at 3; Dkt. 196 at 4.
[6] Although Mulifai pulled the trigger, there was no round in the chamber and the gun did not discharge. *See* Dkt 152 (Revised Final Presentence Report) at 9 & n.2 (noting that Mulifai objects to this fact and observes that victim's recollection is only evidence to support).
[7] Dkt. 46 at 3–4; *see* Dkt. 152 at 9.
[8] Dkt. 46 at 4; *see* Dkt. 152 at 9.
[9] Dkt. 46 at 4; *see* Dkt. 152 at 9.

maximum term of imprisonment, to be followed by three years of supervised release.[10] His projected release date is June 1, 2027.[11]

In his Motion, Mulifai requests a time-served sentence under Amendment 821.[12] He argues that a sentence reduction is warranted based on his lower U.S.S.G. guideline range under Amendment 821, the length of time he has served, and consideration of the 18 U.S.C. § 3553(a) factors.[13] Because he was on supervision at the time of the offense, Mulifai received two status points to his criminal history score, resulting in a guideline range of 84 to 105 months.[14] As Amendment 821 retroactively limits status points to those with a threshold criminal history score, he notes he would receive no status points under the current scoring system and that his adjusted guideline range would be 70 to 87 months.[15] As of January 2024, he observes that he has served approximately 80 months in custody and as such could be eligible for release under this guideline range.[16] Mulifai also argues that the § 3553(a) factors favor his release because "[he] has been adequately punished by serving a lengthy sentence," his sentence may "serve[] as a deterrent to any further criminal conduct," and he is "better suited for rehabilitative programs outside the prison system."[17] He asserts that any alleged disciplinary infractions he incurred while in the Bureau of Prisons ("BOP") custody should not serve as a basis for denial and that any safety concerns regarding his release may be adequately "mitigated by the rigorous oversight by his USPO."[18]

Mulifai separately contests whether he had a prior conviction exceeding one year to support a conviction under 18 U.S.C. § 922(g)(1),[19] and argues that, regardless, a "pending [United States] Supreme Court case decision imperils any such conviction."[20] Even if these reasons do not justify a sentence reduction under 18 U.S.C. § 3582(c)(2), he suggests they "might be considered as an extraordinary and compelling basis for a reduced sentence under 18 U.S.C. § 3582(c)(1)."[21]

The Government acknowledges that Mulifai is technically eligible for a sentence reduction under Amendment 821. However, it maintains that the Motion should be denied because "reduction is unwarranted" under the § 3553(a) factors.[22] First, considering the "violent" nature of the offense, the Government observes that Mulifai entered a residence armed, attempted to shoot one of the occupants, chased down another occupant, engaged in a shootout, and then fled with two stolen handguns.[23] Next, it argues that Mulifai has a "disregard for the law and for others," pointing to

---

[10] Dkt. 153 (Minute Entry); Dkt. 156 (Judgment) at 2–3.
[11] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.
[12] Dkt. 196 at 2.
[13] *Id.*
[14] *Id.* at 5.
[15] *Id.* at 1–2.
[16] *Id.* at 2.
[17] *Id.* at 8–9.
[18] *Id.* at 9.
[19] *Id.*; Dkt. 190 at 2.
[20] Dkt. 196 at 9 (referencing *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023)); Dkt. 190 at 2.
[21] Dkt. 196 at 9.
[22] Dkt. 198 at 1, 6.
[23] *Id.* at 8–9.

his "extensive and violent criminal history," which includes warrants for failure to appear, probation violations, gang membership, home invasion robberies, engagement in violent acts while on supervised release, a history of opioid addiction, and a BOP disciplinary record including testing positive for drugs, admitting to using drugs, and fighting with other inmates.[24] As such, a sentence reduction "would not reflect the seriousness of [Mulifai's] conduct, be just, afford adequate deterrence, or protect the public."[25] Last, disputing Mulifai's allegation that he does not have a prior conviction exceeding one year, the Government observes that "he admitted to the prior felony in the factual basis in his plea agreement" and notes that "the felon-in-possession statute remains constitutional."[26]

USPO agrees that Mulifai is eligible for a sentence reduction under Amendment 821 and notes that if the Court were to reduce his sentence to time-served, his sentence would fall within the middle of the guideline range, and he could be eligible for immediate release.[27] However, USPO notes that should the Court vary upward 15 months from the high end of the guideline range, as in the original sentence, the resulting sentence would be 102 months of imprisonment.[28]

### B. *Legal Standard*

1. U.S.S.G. Amendment 821.

United States Sentencing Guideline § 4A1.1(e) (added pursuant to Amendment 821, Parts A and B, subpart 1) reduced the points added to a defendant's criminal history category from two points to one point "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instance offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."[29]

Under U.S.S.G. § 1B1.10, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) [including Amendment 821, parts A and B, subpart 1], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."[30] 18 U.S.C. § 3582(c)(2) allows a court to reduce a term of imprisonment for "a defendant whose term of imprisonment has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[31] A court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than

---

[24] *Id.* at 9.
[25] *Id.*
[26] *Id.* (citing *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010)).
[27] Dkt. 197 at 5.
[28] *Id.*
[29] U.S.S.G. § 4A1.1(e).
[30] U.S.S.G. §§ 1B1.10(a)(1), (d).
[31] 18 U.S.C. § 3582(c)(2).

the minimum of the amended guideline range."[32] Further, the statute "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the [relevant] policies . . . is warranted in whole or in part under the particular circumstances of the case."[33]

The U.S. Sentencing Commission has recommended retroactive application of Parts A and B, subpart 1, of Amendment 821.[34]

2. Extraordinary and compelling reasons for release.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to move the district court for a sentence reduction after exhausting their administrative remedies.[35] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction[.]"[36]

The U.S. Sentencing Commission recently amended U.S.S.G. § 1B1.13 to clarify what circumstances may constitute "extraordinary and compelling reasons" for granting compassionate release.[37] While the 2023 Amendments are non-retroactive, the Court may consider non-retroactive changes to sentencing guidelines in deciding whether they provide an extraordinary and compelling basis to reduce a sentence.[38] Under the 2023 Amendments, extraordinary and compelling circumstances may exist if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons [listed], are similar in gravity to those described."[39] A court may look to the policy statement of the Sentencing Commission, which provides that "extraordinary and compelling

---

[32] U.S.S.G. § 1B1.10(b)(2)(A).
[33] *Dillon v. United States*, 560 U.S. 817, 827 (2010).
[34] *See* U.S.S.G. App. C., amend. No. 825; U.S.S.G. § 1B1.10, p.s. (effective Nov. 1, 2023 and operative Feb. 1, 2024); Miscellaneous General Order No. 23-07, District Protocol for Processing Applications Under Guidelines Amendment 821 at 1.
[35] *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).
[36] 18 U.S.C. § 3582(c)(1)(A).
[37] *See* U.S.S.G. § 1B1.13 (as amended Nov. 1, 2023); *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* at *8 (2023) ("The amendment expands the list of specified extraordinary and compelling reasons and retains the 'other reasons' basis for a sentence reduction to better account for and reflect the plain language of section 3582(c)(1)(A), its legislative history, and decisions by courts made in the absence of a binding policy statement.").
[38] *See United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (confirming that district courts may consider non-retroactive changes in sentencing law, in combination with other factors, in determining whether there are extraordinary and compelling reasons to grant a sentence reduction); *United States v. Roper*, 72 F.4th 1097, 1099 (9th Cir. 2023) (holding that district courts may consider non-retroactive changes in post-sentencing law to determine whether extraordinary and compelling reasons exist).
[39] U.S.S.G. § 1B1.13(b)(5).

reasons" may exist in certain specific circumstances.[40] However, the policy statement is "not binding" on courts evaluating motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A).[41]

### C. Discussion

First, the Court finds that Mulifai is eligible for a sentence reduction under Amendment 821. Mulifai committed the offense conduct while under supervision and received two status points to his criminal history score, resulting in a criminal history score of eight and a guideline range of 84 to 105 months. However, as he would not have received any additional status points to his criminal history score under the current amendment, his criminal history score would have remained six, resulting in a lower criminal history category and an amended guideline range of 70 to 87 months. Thus, the Court finds that Mulifai is eligible for a sentence reduction accordingly.

However, considering the § 3553(a) factors, the Court finds that a sentence reduction is not warranted. The underlying offense was extremely serious and violent in nature, involving Mulifai breaking into a residence, arming himself with handguns, attempting to shoot and pursue the occupants, and then fleeing with stolen firearms. Moreover, Mulifai has an extensive criminal history, including convictions for assault, theft, and other home invasion robberies, and has incurred numerous and recent disciplinary infractions while in BOP custody. Given the nature of Mulifai's offense and his criminal history, the Court does not find that a sentence reduction would serve the purposes of sentencing in this case, particularly considering the need to protect the public and adequately deter Mulifai from committing future criminal acts.

Moreover, the Court rejects Mulifai's arguments contesting the validity of his prior felony conviction and the constitutionality of 18 U.S.C. § 922(g)(1). The Court observes that Mulifai admitted to conduct constituting a felony burglary in his plea agreement and that he was serving a sentence for this conviction at the time of this offense. Further, speculations regarding a future U.S. Supreme Court decision in the pending case *United States v. Rahimi* regarding the constitutionality of § 922(g)(1) neither support a sentence reduction under 18 U.S.C. § 3582(c)(2), nor constitute an extraordinary and compelling basis for reduction under 18 U.S.C. § 3582(c)(1). Mulifai has proffered no other "extraordinary and compelling" reasons for his release.[42]

---

[40] U.S.S.G. § 1B1.13. The Ninth Circuit has held that the current version of U.S.S.G. § 1B1.13 is "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (internal quotation marks omitted). The Ninth Circuit also concluded that a "dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)[.]" *Id.* at 799.

[41] *Aruda*, 993 F.3d at 802 (agreeing with and adopting the rationale from *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not binding on courts considering motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A))).

[42] The Government cites *United States v. Vongxay*, which the Ninth Circuit recently overruled in *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024). *See* Dkt. 198 at 9–10 (citing *Vongxay*, 594 F.3d 1111 (9th Cir. 2010)). However, *Duarte* did not rule on the facial constitutionality of § 922(g)(1), and its as-applied holding is cabined to its narrow facts, which are highly distinguishable from those underlying Mulifai's conviction here. As such, the Court cannot conclude that the statute is unconstitutional as applied to Mulifai.

As Mulifai has not demonstrated a basis for a sentence reduction, the Court concludes that a sentence reduction is not appropriate.

Accordingly, the Motion at Dockets 190 and 196 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: June 21, 2024.